**VENTANA INVESTMENTS, A Texas General Partnership; Pride House Care Corporation; Britwill Company; Bruce H. Whitehead, individually, Plaintiffs–Appellants,**

**and**

**All Plaintiffs, Plaintiff,**

**v.**

**909 CORPORATION, formerly known as Underwood Neuhaus; Kemper Financial Companies, Inc.; Lovett Mitchell Webb & Garrison, Inc.; Franklin Financial Services, Inc.; William Sorenson; Defendants–Appellees,**

**Resolution Trust Corporation, as Receiver for Franklin Federal Savings Association, Intervenor–Defendant–Appellee.**

No. 95–40004.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1995.

Thomas A. Graves, Morris Clay Gore, Dallas, TX, Keith R. Verges, Figari & Davenport, Dallas, TX, Jill D. Bohannon, Dallas, TX, for Plaintiffs–Appellants.

Matthew Paul Eastus, Baker & Botts, Houston, TX, Patrick Andrew Zummo, Zummo and Schirrmeister, Houston, TX, Sashe Dimanin Dimitroff, Carolyn Brostad Southerland, J. Michael Baldwin, Baker and Botts, Houston, TX, for 909 Corporation, Franklin Financial Services, Inc., William Sorenson.

Matthew Paul Eastus, Baker & Botts, Houston, TX, for Kemper Financial Companies, Inc., Lovett Mitchell Webb & Garrison, Inc.

Patrick Andrew Zummo, Zummo and Schirrmeister, Houston, TX, Sashe Dimanin Dimitroff, J. Michael Baldwin, Baker & Botts, Houston, TX, for Resolution Trust Corporation.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before POLITZ, Chief Judge, HILL,[1] and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

We previously issued an opinion in this case vacating the district court's decision and remanding the case with instructions to remand to the Texas state court. *Ventana Investments v. 909 Corp.*, 65 F.3d 422 (5th Cir.1995). The Appellees, which included the Resolution Trust Corporation ("RTC"), filed a petition for rehearing, alleging that we erred in finding that the RTC did not timely remove the case. After a thorough review of the record and our previous opinion, we deny the motion for rehearing. No judge of this Court having timely called for a vote on en

---

1. Circuit Judge of the Eleventh Circuit, sitting by designation.

banc consideration of this case, we also over-rule appellees' suggestion of en banc consideration.

We need not recite fully the facts of this case, as they are set forth in the original opinion. However, a brief review of certain points is helpful. Underwood[2] was a wholly owned subsidiary of Franklin Financial. Franklin Financial was wholly owned by Franklin Savings. Franklin Savings was taken under the conservatorship of the RTC on July 16, 1992.

Ventana originally sued Underwood on June 1, 1990. Ventana added Franklin Financial to the state court suit on January 13, 1993, some six months after the RTC took over its parent. On January 22, 1993, Underwood and Franklin Financial removed the case to federal court, asserting removal jurisdiction under 12 U.S.C. § 1441a(*l*)(3) (the RTC removal statute).

In this January 1993 removal, Franklin Financial and Underwood asserted the right to remove on the ground that they were wholly owned subsidiaries of Franklin Savings, which was in RTC conservatorship. Franklin Financial and Underwood alleged in their notice of removal that Ventana was attempting to restrain the RTC's ability to manage Franklin Savings assets. Franklin Financial and Underwood filed a notice of removal in the federal district court and a notice of notice of removal in the Texas state court and both filings included a copy of the papers appointing the RTC as conservator and receiver of Franklin Savings. The same attorneys who represented Franklin Financial and Underwood in the January 1993 removal also represented Franklin Savings and the RTC. Therefore, we must assume that the RTC as conservator of the parent of the wholly owned subsidiaries knew that the subsidiaries removed the case based on the parent's conservatorship.

As we noted in our original opinion, the RTC may remove a case within 90 days after it is substituted as a party. 12 U.S.C. § 1441a(*l*)(3)(A)(i). The RTC is substituted as a party "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(*l*)(3)(B).

The RTC was free to intervene in this case at any time. After entry of the April 1993 remand order, the RTC could have promptly intervened and taken an appeal. 12 U.S.C. § 1441a(*l*)(3)(C). However, it did not do so. Similarly, upon remand of this case to the state court in April 1993, the RTC could have promptly intervened in the state court and removed the case to federal court in its own right. Instead, the RTC chose not to intervene until over five months after the remand, when the state court took an action which the RTC did not like. Given the breadth of the RTC's rights of intervention, removal and appeal, we conclude that the RTC rested on its rights in this situation.

The RTC claims our decision is in conflict on *F.D.I.C. v. Loyd,* 955 F.2d 316 (5th Cir.1992). *Loyd* is an FDIC case. The FDIC has a completely different removal statute than the RTC. *Cf.* 12 U.S.C. § 1819(b)(2)(B) (FDIC removal statute) with 12 U.S.C. § 1441a(*l*)(3) (RTC removal statute). Both statutes provide that the agency must remove within 90 days of its substitution as a party in the case. However, as discussed at length in the original opinion, the FDIC statute does not define "substituted," while the RTC statute was amended in 1991 to define "substituted." For RTC removal purposes, the RTC is substituted as a party when someone files a copy of the order appointing the RTC as conservator or receiver for that party. The FDIC, however, is not substituted as a party until it actually intervenes in the state court proceeding. *Loyd,* 955 F.2d at 327. Therefore, *Loyd* is not applicable in this case and it still controls in FDIC removal situations.

For the foregoing reasons, the motion for rehearing is DENIED.

---

**2.** Underwood later became 909 Corp. 909 Corp. dissolved on July 31, 1992. *See Ventana,* 65 F.3d at 424 n. 5.